UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—-----------------------------------------------------X
UNITED STATES OF AMERICA,

                     Plaintiff,

       -against-                               No. 20 Cr. 653 (RA)

DJONIBEK RAHMANKULOV,

                   Defendant.
—-----------------------------------------------------X

### DEFENDANT'S MOTION TO VACATE CONVICTION & SENTENCE, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

    NOW COMES Defendant, DJONIBEK RAHMANKULOV, and respectfully moves this Court for an order vacating his conviction and sentence, pursuant to 28 USC 2255, and for an order admitting him to bail pending the disposition of this motion on the merits. In support of this motion, Defendant would show the Court as follows.

### I.   Background and Relevant Facts.

    [Defendant hereby verified and declared, under penalty of perjury, and pursuant to 28 USC 1746, that the facts set forth hereinafter are true and correct, to the best of his knowledge, belief and recollection.]

    In the interest of brevity, only those facts and proceedings germane to the arguments advanced herein are set forth hereinafter.

    On September 15, 2020, Defendant was named in a criminal complaint filed in the Southern District. On September 17, 2020, Defendant self-surrendered on the complaint and was arraigned thereupon. A preliminary hearing was scheduled for October 17, 2020. However, no preliminary hearing was ever conducted. On October 19, 2020, the Court

extended the Government's time in which to return an indictment. However, the Court did

not exclude any time between September 27, 2020 and October 18, 2020, despite the

passage of more than thirty days from Defendant's arrest.

On December 3, 2020, an indictment was returned charging Defendant with

conspiracy to operate an unlicensed money transmitting business, in violation of 18 USC

371 (Count One), conspiracy to commit money laundering, in violation of 18 USC 1956(h)

(Count Two), and bank fraud, in violation of 18 USC 1344 (Count Three).

Subsequent to being formally charged in this case, Defendant was informed by

counsel that the Government had extended a plea offer to this Defendant and that the plea

offer provided for a sentence of three years imprisonment. Counsel advised Defendant

that the plea offer would not be accepted because the Government could not establish

any wrongdoing on Defendant's part, and that the case would likely be dismissed without

a trial. Based on counsel's representation and directive not to accept the plea offer,

Defendant did not accept the plea offer. Counsel did not inform Defendant that if the

case did proceed to trial that Defendant could receive a significantly longer term of

imprisonment if convicted. But for counsel advice, Defendant would have accepted the

Government's plea offer. This is particularly so if counsel had advised that a conviction

after trial, should the case proceed to trial, could result in a significantly longer prison term

than that offered under the proposed plea agreement.

Defendant subsequently learned that the case would proceed to trial, even after the

Government had extended yet another plea offer (albeit with a sentence more than

doubling the first offer).

Prior to the conclusion of the trial, Defendant informed counsel that he wanted to testify in his defense because there were Government witnesses who testified falsely that they were familiar with Defendant and had in-person contacts with him. Counsel advised that Defendant could not testify to contradict such testimony without additional evidence corroborating his testimony that the witness were testifying falsely, and had never had any contact with him. Believing that he would not be permitted to testify without support for his proffered testimony, Defendant did not take the stand in his own defense.

A jury convicted Defendant as charged. On March 17, 2023, Defendant was sentenced to a 121 month term of imprisonment. A timely notice of appeal was also filed.

Defendant now seeks an order vacating both his conviction and sentence. This Defendant also seeks his interim release on bail. This motion should be granted.

## II.   *Arguments and Authorities.*

**DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION,  AND THE JUDGMENT SHOULD BE VACATED**

### A.  *The Legal Standard.*

As a preliminary matter, despite the pendency of a direct appeal from the judgment in this case, Defendant may seek simultaneous relief pursuant to 28 USC 2255. Indeed, the Second Circuit has expressly held that a defendant may maintain both an appeal and a Section 2255 motion at the same time, and there is no jurisdictional bar to such. *See, United States v. Vilar,* 645 F.3d 543, 546 (2d Cir. 2011); *United States v. Outen,* 286 F.3d 623 (2d Cir. 2002). Furthermore, since this motion raises only claims of ineffective assistance of counsel, and the U.S. Supreme Court has "indicated that claims of

ineffective assistance of counsel are best raised as [section] 2255 motions before the district court, as the district court is 'the forum best suited to developing the facts necessary to determine the adequacy of representation during an entire trial,'" *see United States v. Montilla*, 85 F. App'x 227, 229 (2d Cir. 2003)(quoting *Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003)), this motion is appropriately brought at this time.

Indeed, a favorable decision on the merits of this motion could obviate the need for further appellate proceedings, thereby preserving valuable judicial and governmental resources. Further, even an adverse decision on the merits, if timely, could preserve such resources by permitting a consolidated and single appeal. Thus, the Court has the jurisdiction and authority to entertain and adjudicate this motion, and should promptly do so. The legal standard governing ineffective assistance of counsel claims is a familiar one in the United States District Courts. To sustain a claim of ineffective assistance of counsel, a defendant must demonstrate both deficient performance by the attorney, and also demonstrate a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different. *See, Strickland v. Washington,* 466 U.S. 668, 687-88, 693-94 (1984)

As set forth more fully hereinafter, and as demonstrated by the facts set forth above, Defendant was deprived of his constitutional right to effective assistance of counsel, and the judgment of conviction and sentence should be vacated.

**B.  Discussion.**

**(i)    *Counsel's Mishandling of the Favorable Plea Offer.***

As stated above, prior to trial, the Government extended a plea offer to Defendant

that, according to counsel, came with a three year term of incarceration. Counsel advised

that Defendant not take the offer, contending that the absence of any evidence of

wrongdoing on Defendant's part would ultimately result in a pretrial dismissal of this case.

Counsel did not advise this Defendant that if the case proceeded to trial and he were

convicted, he could receive a significantly greater sentence than the one called for by the

proposed plea offer. Had Defendant accepted the plea offer, he would have been exposed

to fewer counts of conviction than he was after trial, and he would have received a

sentence significantly shorter than the sentence imposed.

But for counsel's advice, and lack thereof, as described here, Defendant would have

accepted the initial plea offer, and avoided a trial and significantly longer jail term.

Consequently, the judgment must be vacated.

To establish a claim that "counsel's ineffective assistance led to the rejection of a

plea offer that, properly informed, would have been accepted, a [defendant] . . . must

proffer arguably credible evidence of a *prima facie* case that, but for counsel's improper

advice, the [defendant] would have accepted the plea offer," which "may be accomplished

through the [defendant's] own sworn statement if it is credible in light of all the relevant

circumstances." *Puglisi v. United States,* 586 F.3d 208, 215 (2d Cir. 2009)(citing *Aeid v.*

*Bennett,* 296 F.3d 58, 63-64 (2d Cir. 2002)).

Defendant submits the factual assertions supporting this motion under penalty of

perjury. Thus, he has sufficiently demonstrated his entitlement to habeas relief.

Accordingly, having been deprived of both his right to effective assistance of

counsel and a favorable plea, that would have produced a considerably shorter term of

Imprisonment, an order granting 28 USC 2255 relief is both appropriate and warranted.

    **(ii)**    ***Counsel's Denial of Defendant's Right to Testify.***

       Counsel, in the most conscious shocking manner, advised this Defendant that he could not testify without evidence corroborating his proffered testimony that trial witnesses committed perjury when they testified to knowing and encountering Defendant. At the time counsel made such material misrepresentations to this Defendant, he well knew that such such corroborating evidence was a prerequisite to Defendant testifying in his own defense during the trial. Counsel's performance was grossly deficient. Had Defendant testified, he would certainly have persuaded the jury that the witnesses were testifying falsely, and there is a substantial likelihood that an acquittal would have resulted from Defendant's testimony. The judgment must be vacated.

       A defendant's claim that he was denied the right to testify is a component of Defendant's ineffective assistance of counsel claim, and reviewed under the *Strickland* standard. *Brown v. Artiz,* 124 F.3d 73, 79 (2d Cir. 1997). Counsel's advice to Defendant was designed to mislead and defraud this Defendant, and to prevent the introduction of defense evidence that would almost certainly have resulted in an acquittal. This was not trial strategy, and not subjected to permissible deference.

       The evidence in this case, absent the witness testimony, was virtually non-existent. Thus, Defendant had conclusively establishes that evidence undermining the fabricated in-court identification of this Defendant by cooperating witnesses would likely have produced an acquittal, and thereby entitles Defendant to relief. *See, Rega v. United States,* 263 F.3d 18, 21-26 (2d Cir. 2001)(holding that a defendant claiming the denial of

his right to testify must demonstrate reasonable probability that his testimony would have

resulted in a different outcome at trial.).

Accordingly, the judgment of conviction must be vacated.

**(iii)**    ***Counsel's Failure To Seek Dismissal for Untimely Indictment.***

Defendant was arrested upon his surrender on September 17, 2020. That gave the

Government until October 17, 2020 to return an indictment. No indictment was returned

until the month of December. Moreover, between September 17, 2020 and October 18,

2020, no time was excluded from the Speedy Trial Act clock set forth in 18 USC 3161(b)

(the "Act"). As of October 17, 2020, the Act was violated, and dismissal was warranted.

The record reveals orders excluding days between October 19, 2020, and the date an

indictment was returned. However, inasmuch as the Act had been violated by the failure to

return an indictment within the initial thirty days following Defendant's arrest, there could

be no valid exclusions or extensions beyond that point.

It bears noting that the Government was aware that the Act had been violated, and

failed to move to dismiss the complaint. Instead, in an incredible show of bad faith, and

prosecutorial misconduct, the Government made misrepresentations to the Court seeking

extension after extension in an effort to legitimize its undeniably obvious violation of the

Act.

It also bears noting that Defendant's due process rights to a preliminary hearing

were violated in this case. The hearing was delayed, in consent, until October 17, 2020,

but was never conducted.

For his part, counsel did not seek dismissal of the complaint or subsequent

indictment, despite the mandate of 18 USC 3161(b) and 3162(a)(imposing sanction if mandatory dismissal). Where no indictment is returned within thirty non-excludable days following an arrest, the complaint and/or indictment must be dismissed. *See, United States v. Taylor,* 487 U.S. 326, 332 (1988); *United States v. Gaskin*, 364 F.3d 438 (2d Cir. 2004); *United States v. Cortinas,* 785 F. Supp. 357, 359 (E.D.N.Y. 1992).

Counsel had a duty, given the obvious errors, to seek dismissal. Had he done so, the indictment would have been dismissed with prejudice given the gross governmental misconduct in misrepresenting to the Court that it was in compliance with the Act, and the failure to timely file an indictment. The judgment must be vacated.

### III.    Conclusion.

Having conclusively demonstrated that he was denied his right to effective assistance of counsel, an order vacating the judgment of conviction and sentence should issue forthwith. In addition, the Court should promptly admit this Defendant to bail.

WHEREFORE, Defendant prays that an order granting this motion will issue forthwith, in the interest of Justice.

Dated: Brooklyn, New York
    April 14, 2023

                                        Respectfully submitted,

                                        Djonibek Rahmankulov

                                        _____
                                        DJONIBEK RAHMANKULOV
                                        REGISTER NO. 08873-509
                                        MDC BROOKLYN
                                        P.O. BOX 329002
                                        BROOKLYN, NEW YORK 11232

cc: U.S. Attorney Office (SDNY)