UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DJONIBEK RAHMANKULOV,

      Movant,

   v.

UNITED STATES OF AMERICA,

      Respondent.

23-CV-3206 (RA)

20-CR-653-5 (RA)

<u>MEMORANDUM
OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

  Djonibek Rahmankulov, currently incarcerated at MDC Brooklyn, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v. Rasulov, et al.*, No. 20-CR-0653-05 (RA) (S.D.N.Y. Mar. 20, 2023).  For the reasons set forth below, the Court denies the motion.

## LEGAL STANDARD

  A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it violates constitutional or federal law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rules Governing § 2255 Proceedings, Rule 4(b); *see also Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).  The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (internal quotation marks and citations omitted); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless,

a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On September 1, 2022, a jury convicted Rahmankulov of conspiracy to operate an unlicensed money transmitting business, conspiracy to commit money laundering, and bank fraud. On March 20, 2023, the Court sentenced him to 121 months' imprisonment. *See United States v. Rasulov, et al.*, ECF 1:20-CR-0653-05, 236. Rahmankulov filed a notice of appeal on April 3, 2023. In the instant filing, he challenges his conviction, alleging ineffective assistance of counsel, although his appeal remains pending before the U.S. Court of Appeals for the Second Circuit.

## DISCUSSION

The Court declines to address the merits of Rahmankulov's Section 2255 motion at this time due to his pending direct appeal. Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), "[a]bsent a showing that the habeas application is much more promising, judicial economy would seem to favor pursuing the direct appeal first," *United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). As the Second Circuit explained in *Vilar*:

> [d]irect appeals are generally less time consuming and expensive than habeas application[s] because they involve a fixed record and simpler procedures and standards of review. Moreover, successful habeas applications often result in new trials, while successful direct appeals often do not. And unsuccessful habeas applications often lead to appeals to the circuit court, necessitating another round of briefing and judicial consideration.

*Id.*; *see also Carranza v. United States*, 794 F.3d 237, 243 (2d Cir. 2015) ("While we generally prefer that direct appeals conclude before § 2255 proceedings begin, this preference is not jurisdictional and derives from concerns over judicial economy."); *Outen*, 286 F.3d at 632 (observing that "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"). Rahmankulov has a direct appeal pending before the Second Circuit, and the

Court sees no reason to disrupt the general preference for resolving direct appeals before § 2255 proceedings begin.  Rahmankulov may refile this petition, should relief still be necessary, after the disposition of his direct appeal.

## CONCLUSION

For the foregoing reasons, Rahmankulov's Section 2255 petition is denied without prejudice.  Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   May 8, 2023
         New York, New York

_____
RONNIE ABRAMS
United States District Judge